IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WHITE,<br><br>            Petitioner,<br><br>    v.<br><br>ALAMEDA COUNTY JAIL,<br><br>            Respondent.<br>                                              / | No. C 10-1893 WHA (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO EXHAUST** |

Petitioner, a California state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner has not done so. In fact, he indicates in his petition that he has not presented his claims to the California Supreme Court (Pet. 3). Petitioner has not presented any exceptional circumstances to excuse his failure to exhaust. *See Granberry*, 481 U.S. at 134. The petition is therefore DISMISSED without prejudice to refiling after available state judicial remedies are exhausted.[1]

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May   27  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\WHITE1893.DSM-EXH.wpd

---

[1] Petitioner is cautioned that under the Antiterrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the <u>latest</u> of the date on which: (1) the judgment became final after the conclusion of direct review or expiration of the time for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the United States Supreme Court, if the right was newly recognized and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

2